# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE11 | : : : : : : | Case No. 1:06-cv-00624<br><br>District Judge Patricia A. Gaughan |
| Plaintiff | : : | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| vs. | : : | |
| Karyn Lynell Burgess | : | |
| Defendant. | | |

UNITED STATES DISTRICT JUDGE PATRICIA A. GAUGHAN

This matter is before the Court on the motion of Plaintiff LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE11's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Karyn Lynell Burgess as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1.  The following defendant is in default of Motion or Answer:

    a.  Karyn Lynell Burgess;

2.  The Clerk's Entry of Default was filed herein on April 20, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the plaintiff from the defendant, Karyn Lynell Burgess, upon the subject Note, the principal balance of $90,169.75, for which judgment is hereby rendered in

G:\Cases - TM\06-03778\renewed proposed order-060927-KW.WPD

favor of the Plaintiff, with interest at the rate of 7.85 percent per annum from August 1, 2005.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:  And described as follows, to wit:  And known as being Sublot No. 297 in the S. H. Kleinman Realty Company's Shaker Lee Subdivision of part of Original Warrensville Township Lot 63 as shown by the recorded Plat, Volume 98 of Maps, page 8 of Cuyahoga County Records and being 40 feet front on the Southerly side of Walden Avenue Southeast and extending back of equal width 128 feet deep, as appears by said plat, be the same more or less, but subject to all legal highways.
>
> Parcel Number:  140-14-017
>
> Commonly known as:  17520 Walden Avenue, Cleveland, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on July 23, 2004, and recorded as Instrument Number 200407230831 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on March 28, 2006 as Instrument Number 200603280168 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

The Court acknowledges that in a deed recorded in Official Instrument Number 200407230930, filed July 23, 2004 at 2:57 p.m. ("Deed of Acquisition"), Karyn Lynell Burgess acquired title to the Property as described previously in this Judgment Entry.  The Mortgage which is the subject of this foreclosure action failed to attach the legal description.  The Mortgage was recorded immediately following the Deed of Acquisition on July 23, 2004 at 2:57 p.m. and it was the intention of the parties that the Property as described in the Deed of Acquisition should also be described in the Mortgage.  Therefore, the Court hereby reforms the mortgage to include the legal description as described on the Deed of Acquisition and as

described previously in this Judgment Entry.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to Plaintiff LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE11, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002.  The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2004-HE11, the sum of $90,169.75, with interest at the rate of

        7.85 percent per annum from August 1, 2005.

3.     To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4.     The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale.  Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** 9/29/06

                        /s/ Patricia A. Gaughan
                        JUDGE PATRICIA A. GAUGHAN
                        UNITED STATES DISTRICT JUDGE